PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY REEVES, ) | |
| ) | CASE NO. 4:11cv2062 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| GARY MOHR, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendants. ) | **AND ORDER** |

*Pro se* Plaintiff Anthony Reeves filed this action against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, Trumbull Correctional Institution ("TCI") Investigator Sharon Chilson, Rules Infraction Board Chairman Sally Cope, and Computerized Voice Stress Analysis Examiner John Doe. In the Complaint, Plaintiff alleges that he was unfairly accused of a rules infraction by another inmate. He seeks monetary and injunctive relief. ECF No. 1.

## I. Background

Inmate Bean accused Plaintiff of forcing him to participate in sexual activities. Plaintiff denies this accusation and contends that Inmate Bean owes hundreds of dollars to other inmates in the prison for the sale of narcotics and is using the false accusation (against Plaintiff) as justification for a transfer to another institution. ECF No. 1 at 5. Plaintiff indicates that Inmate Bean previously accused another inmate at TCI and another at the Lebanon Correctional Institution of sexually assaulting him in order to obtain transfers and avoid paying drug debts.

Case: 4:11-cv-02062-BYP  Doc #: 6  Filed:  01/31/12  2 of 7.  PageID #: 37

(4:11cv2062)

ECF No. 1 at 5.  Plaintiff claims that he made Ms. Chilson aware of this pattern, but that Plaintiff was still placed into segregation.

Plaintiff offered to take a polygraph test on June 25, 2010.  One month later, he was given a computerized voice stress analysis test.  ECF No. 1 at 5.  He claims that Ms. Chilson and John Doe fabricated the results to show that Plaintiff was not telling the truth.

A Rules Infraction Board hearing took place sometime thereafter.  Plaintiff claims that Ms. Cope told him that he did not have the right to confront or question John Doe.  ECF No. 1 at 6.  Plaintiff claims that he became so insistent that he was nearly barred from his own hearing.  ECF No. 1 at 6.  He contends that he has been falsely accused by Ms. Chilson in the past and claims that she accepts inmate accusations without supporting evidence.  Plaintiff was later found guilty of the infraction.

In addition, Plaintiff contends that Ms. Chilson falsely accused him of drug possession on July 22, 2011.  ECF No. 1 at 7.  He states that medication dispensed to him from the prison's infirmary was confiscated from the finger of a latex glove.  Plaintiff states that he stepped on the glove thereby crushing the pill.  ECF No. 1 at 7.  Ms. Chilsom field tested the medication and claimed it tested positive for amphetamine.  He alleges that that report is also false.  ECF. No. 1 at 8.  Ms. Chilsom filed a conduct report against Plaintiff.

Plaintiff claims that Mr. Mohr, as the ODRC Director, is responsible for safeguarding the rights of the inmates.  He contends that he submitted a complaint against Ms. Chilson, but Mr. Mohr did not intervene on his behalf.

(4:11cv2062)

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11cv2062)

of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

Plaintiff has not specified the legal claims that raised against the named Defendants. He provides only a factual narrative and concludes with the relief he seeks.² To the extent that he is suggesting that he has a constitutional right to be free from false accusations, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *see also Jackson v. Madery*, Nos. 04-1805, 04-1871, 2005 WL 3077136 (6th Cir. May 30, 2006); *Jackson v. Hamlin*, No. 02-2040, 2003 WL 1194246, at *2 (6th Cir. Mar. 11, 2003); *Munson v. Burson*, No. 98-2075, 2000 WL 377038 at *3 (6th Cir. April 7, 2000). A constitutional violation may occur if, as a result of an accusation, the Plaintiff was deprived a protected liberty interested without due process. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The focus, however, is on the process provided to a plaintiff before he is deprived of a protected liberty interest, not on the accuracy of the charges. *Id.*

To determine what process is due, Plaintiff must first establish that he was deprived of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have more narrow liberty interests than other citizens as "lawful incarceration brings

---

² Plaintiff seeks: lost prison wages, an unbiased polygraph examination, declaratory judgment that Defendants Chilson and John Doe be prohibited from arranging and administering "CVSA tests," and that a system of checks and balances be instituted for Defendant Chilson

4

(4:11cv2062)

about the necessary withdrawal or limitation of many privileges and rights, . . . justified by the considerations underlying our penal system." *Sandin*, 515 U.S. at 485. The Due Process Clause, standing alone, provides no liberty interest in freedom from State action taken within the sentence imposed by the court. *Id*. at 480. This includes prison disciplinary sanctions issued in response to a wide range of misconduct which fall within the expected perimeters of the sentence imposed upon an inmate. *Id*. at 485. An inmate's interest "in avoiding transfer to more adverse conditions of confinement" does not give rise to a constitutionally recognized liberty interest. *Wilkinson*, 545 U.S. at 221.

Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Sandin*, 515 U.S. at 484. Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement was considered to be "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487. Similarly, the Sixth Circuit Court of Appeals has held a prisoner's designation as a member of a security threat group did not give rise to a liberty interest. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir.2005). There is no indication that Plaintiff was sanctioned with the loss of good time credits. Absent other allegations, Plaintiff's placement in segregation does not appear to impose "atypical and

(4:11cv2062)

significant hardship on the inmate in relation to the ordinary incidents of prison life."[3] *Sandin, 515 U.S. at 484*.

Even if Plaintiff were faced with the loss of good time credits, there is no suggestion that he was denied due process. Due process requires only that a prisoner receive: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Further, some evidence must exist to support the disciplinary conviction. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Although he contends that he was not permitted to question the Computerized Voice Stress Analysis operator, there are no allegations in the Complaint suggesting he was denied a hearing which meets the minimal due process requirements.

To the extent Plaintiff intended to base his Complaint to posit some other legal theories or claims, he has failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. See *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy

---

[3] It appears that Plaintiff is concerned that this allegedly false accusation will negatively affect his next parole board hearing and, as a result, negatively affect the duration of his sentence. This allegation is too attenuated to be given much consideration given that the Complaint does not reveal a date certain for any prospective parole board hearing and, more importantly, even if Plaintiff does have an eventual parole board hearing, there is no certainty that this allegedly false accusation and the disciplinary action taken will affect the duration of Plaintiff's sentence. See *Sandin v. Conner*, 515 U.S. 472, 487 (U.S. 1995).

(4:11cv2062)

federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state a viable federal claim.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.